# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF CONNECTICUT
# NEW HAVEN DIVISION

| | |
|---|---|
| IN RE: | CASE NO. 04-35878 (ASD) |
| THE BULLS BRIDGE GOLF CLUB, INC., | CHAPTER 11 |
| Alleged Debtor. | FEBRUARY 16, 2005 |

## STIPULATION TO DISMISSAL OF PETITION AND ORDER THEREON

This Stipulation to Dismissal of Petition and Order Thereon (the "Stipulation") is entered into by and between The Bull's Bridge Golf Club, Inc. (the "Alleged Debtor") and Emil Teri, Tom Ginty d/b/a Durkin's, Inc., Red Lion Manufacturing, Inc. dba Zero Restrictions, CMC Custom Gifts and Cintas Corp.[1] (collectively, the "Petitioning Creditors") as follows:

1. On December 23, 2004, the Petitioning Creditors (excluding CMC Custom Gifts and Cintas Corp.) filed an involuntary bankruptcy petition against the Alleged Debtor (the "Petition").

---

[1] As of the date of this Stipulation, CMC Custom Gifts and Cintas Corp. were not formally added as Petitioning Creditors by order of this Court. Nonetheless, they are parties to this Stipulation.

CTDOCS/1619100.3

2.     On February 8, 2005, the Alleged Debtor filed the Alleged Debtor's Motion to Dismiss Pursuant to Fed.R.Bank.P. 1011(b) and Fed.R.Civ.P.12(b) or, in the Alternative, Dismiss or Suspend Pursuant to 11 U.S.C. § 305(a)(1) (the "Motion to Dismiss").

3.     By this Stipulation, the Alleged Debtor and the Petitioning Creditors seek to fully resolve the Motion to Dismiss and these proceedings without further litigation as provided herein, and to that end the parties hereby stipulate and agree, subject to the approval of this Court, as follows:

    A.    Upon the Alleged Debtor's Motion to Dismiss, and having considered the Motion to Dismiss, the memorandum of law and the Affidavit of Kenneth F. Cooper filed in support of the Motion to Dismiss, and this Stipulation, and finding that the interests of creditors and the Alleged Debtor would be better served by a dismissal of the Petition, the Petition shall be dismissed with prejudice.

    B.    Upon the dismissal of these proceedings, the Alleged Debtor will in good faith and as expeditiously as commercially practicable seek to pay or settle with all of its substantiated and legitimate creditors in the ordinary course.

    C.    In consideration for (i) with regard to all of the Petitioning Creditors, a release of the Alleged Debtor (including its officers, directors and agents)

in form and substance satisfactory to the Alleged Debtor (including non-disparagement and ~~and~~ cooperation provisions as to Emil Teri ~~,~~ confidentiality provisions as reasonably requested) and (ii) with regard to Cintas Corp. only, a satisfaction of judgment, the Alleged Debtor shall promptly pay (a) $15,997.35 subject to appropriate withholding taxes to Emil Teri; (b) $969.87 to Red Lion Manufacturing, Inc. dba Zero Restrictions.; (c) $2,876.00 to Tom Ginty d/b/a Durkin's, Inc.; (d) $9,000 to CMC Custom Gifts; and (e) $~~20,000~~ 22,500.00 to Cintas Corp. Upon receipt of the aforesaid releases by the Alleged Debtor, a mutual release shall be provided by the Alleged Debtor.

D. Each party shall bear its own fees and costs associated with these proceedings and the Alleged Debtor waives any claims it has in these proceedings for damages under 11 U.S.C. § 303(i) caused by the filing of the Petition.

E. Nothing contained herein shall constitute an admission of liability of any party, which liability is expressly denied by all of them collectively and respectively.

F. Except as expressly set forth herein, nothing contained herein shall be deemed a release or waiver of or prejudicial to any rights, claims or causes of action (or defenses thereto) the parties hereto had, have or may have.

CTDOCS/1619100.3

  G.  The Alleged Debtor shall serve a copy of this Order by First Class U.S. Mail, within five business days from the date hereof, on all parties that received notice of the Motion to Dismiss.

CTDOCS/1619100.3

WHEREFORE, the undersigned parties hereby respectfully request that the Court enter an Order dismissing the Petition in its entirety with prejudice, and without fees and/or costs and/or sanctions of any nature to either party, in accordance with the terms of this Stipulation.

Dated: New Haven, Connecticut
       February 16, 2005

BINGHAM MCCUTCHEN LLP

By: _____
Jonathan B. Alter (ct 071010)
One State Street
Hartford, CT 06103
(860) 240-2700

Attorneys for the Alleged Debtor

HARLOW, ADAMS &
FRIEDMAN P.C.

By: _____
Stephen Wright (ct02255)
300 Bic Drive
Milford, CT 06460
(203) 878-0661

Attorneys for Petitioning Creditors

Approved

Based upon the foregoing Stipulation, and good cause appearing therefore, it is SO ORDERED.

Dated: February 16, 2005

_____  2/16/05
Hon. Albert S. Dabrowski
Chief United States Bankruptcy Judge

CTDOCS/1619100.3